UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| ROBERT MCANALLEY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 2:14-cv-0341-JMS-WGH |
| | ) |
| STANLEY KNIGHT, | ) |
| | ) |
| Respondent. | ) |

**Entry Denying Petition for Writ of Habeas Corpus**

The petition of Robert McAnalley for a writ of habeas corpus challenges a prison disciplinary proceeding in ISF 14-07-0326 in which he was found guilty of conspiracy to engage in an unauthorized financial transaction. For the reasons explained in this entry, Mr. McAnalley's habeas petition must be **denied**.

**I. Overview**

Prisoners in Indiana custody may not be deprived of credit time, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004), or of credit-earning class, *Montgomery v. Anderson*, 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

## II. The Disciplinary Proceeding

On July 16, 2014, Correctional Officer Maslin filed a Report of Conduct that charged Mr. McAnalley with a class B offense conspiracy to engage in an unauthorized financial transaction. The Report of Conduct states:

> On 7/16/14 at 07:10 phone calls were monitored in tower 1 by c/o Maslin #399 that clearly indicate offender Robert McAnalley #150042 was conspiring to engage in an unauthorized financial transaction. On 7/14/14 @ 19:44 @ 0:56 into call offender Robert McAnalley #150042 did state "you got $170.00 all together? Yes, give TT 120.00 for to [sic] TT from Robby."

Mr. McAnalley was notified of the class B charge when he was served with the Report of Conduct and the Notice of Disciplinary Hearing (Screening Report). Mr. McAnalley was notified of his rights, pled not guilty, and indicated his desire to have a lay advocate. He noted that he did not want to call any witnesses but he requested the recording of the phone call as evidence.

The hearing officer conducted a disciplinary hearing on July 28, 2014, finding Mr. McAnalley guilty of the class B offense conspiracy to engage in an unauthorized financial transaction. Mr. McAnalley did not make a statement at the hearing. The hearing officer considered staff reports, statement of offender, and the phone call in finding him guilty. The recommended sanctions imposed included a written reprimand, a 30-day phone restriction, the deprivation of 90 days of earned credit time, and the demotion from credit class I to credit class II. The hearing officer imposed the sanctions because of the seriousness of the offense and the degree to which the violation disrupted or endangered the security of the facility.

Mr. McAnalley appealed to the Facility Head on July 29, 2014. He raised two issues relating to the date of the incident and the sufficiency of the evidence supporting the guilty finding. The Facility Head denied the appeal on August 8, 2014. Mr. McAnalley appealed to the Final

Reviewing Authority, who denied his appeal on August 29, 2014. He filed this petition for writ of habeas corpus on October 30, 2014.

### III.  Analysis

Mr. McAnalley's claims for habeas relief are that his due process rights were violated when: 1) the sanctions were not approved by a higher authority; 2) there was a lack of evidence; and 3) there was a discrepancy as to the date of the incident.

Mr. McAnalley did not raise on appeal the claim concerning the approval of the sanctions by a higher authority. This claim, therefore, has been waived and procedurally defaulted. *See Markham v. Clark*, 978 F.2d 993, 995 (7th Cir. 1992) (holding that the principles of exhaustion of available state remedies apply to prison disciplinary proceedings). Moreover, this is an issue based on Indiana Department of Correction rules and regulations, which is not subject to federal habeas review. *Estelle v. McGuire*, 502 U.S. 62, 68 at n.2 (1991) ("state-law violations provide no basis for federal habeas review."); *Hester v. McBride*, 966 F. Supp. 765, 774-75 (N.D. Ind. 1997) (violations of the Indiana Adult Disciplinary Policy Procedures do not state a claim for federal habeas relief). This claim fails.

Mr. McAnalley's second and third claims relate to the sufficiency of the evidence. He first contends that the hearing officer's report reflects that he relied on "staff reports," "statement of offender," and "other," but Mr. McAnalley made no statement at the hearing and the "other" designation was left blank. Dkt. 8-4. The "some evidence" evidentiary standard in this type of case is much more lenient than "beyond a reasonable doubt" or even "by a preponderance." *See Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002) (hearing officer in prison disciplinary case "need not show culpability beyond a reasonable doubt or credit exculpatory evidence."). The "some evidence" standard requires "only that the decision not be arbitrary or without support in the

record." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). The hearing officer's decision refers to the phone call itself when it states "phone call that is a $170, Give TT $120 then $10 on phone that leaves you $35. He says is that enough she says I don't know. Then he says only give TT a $100." Dkt. 8-4. Although the "other" category is left blank, it is clear that the hearing officer listened to the phone call and that the phone call was the "other" evidence. The hearing officer also considered the fact that Mr. McAnalley said "nothing" at the hearing. The finding of guilt in this case was supported by the conduct report and the phone call. There was ample evidence to support the hearing officer's decision that Mr. McAnalley was guilty of the offense of conspiring to engage in an unauthorized financial transaction.

     Mr. McAnalley also argues that his due process rights were violated when the conduct report and the hearing officer's report stated that the incident occurred on July 16, 2014, but the incident described on the conduct report occurred on July 14, 2014. This alleged discrepancy is of no import. On the conduct report, it is clear that the officer had monitored phone calls on July 16 but the date of the call itself was July 14, 2014. Mr. McAnalley was given a copy of the conduct report and was able to read the body of the report in addition to the headings on the report. Mr. McAnalley has not demonstrated any prejudice from the mention of both dates on the conduct report.

     Mr. McAnalley was given notice and had an opportunity to defend the charge. The hearing officer provided a written statement of the reasons for the finding of guilt and described the evidence that was considered. There was sufficient evidence in the record to support the decision. Under these circumstances, there were no violations of Mr. McAnalley's due process rights.

## IV. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceedings. Accordingly, Mr. McAnalley's petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: December 30, 2015

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Robert McAnalley, # 150042
Correctional Industrial Facility
Inmate Mail/Parcels
5124 W. Reformatory Rd.
Pendleton, IN 46064

Electronically registered counsel